JAS. BOYNTON, *et al.*, Appellants, *vs.* JOHN MILLER, Respondent.

1. *Practice, Supreme Court—Conflict of proof.*—The Supreme Court in civil actions at law will not review questions of conflicting evidence.
2. *Practice, Supreme Court—Instructions, conflict—Record.*—Conflict of instructions with each other or with the record will work a reversal.

*Appeal from Vernon County Circuit Court.*

*Basset*, for Appellants.

*W. P. Johnson*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

Plaintiffs, who claimed to be the owners of one hundred and twenty-two head of Texas cattle, instituted this action for their possession, alleging that they were wrongfully detained by the defendant. Defendant, in his answer, stated that plaintiffs were the owners of the cattle, but denied that they were entitled to the possession. As a defense he alleged that at a certain date, plaintiffs entered into a contract with him, by which it was agreed by and between the parties that the plaintiffs should deliver the cattle to the defendant, and that the same should be weighed at the time of such delivery, and that defendant should keep and feed them until the 1st of June next ensuing, and at that time possession was to be re-delivered to the plaintiffs; that for feeding, keeping and taking care of the cattle, defendant was to receive six cents per pound for every pound the cattle would weigh at the time of their return over and above what they weighed when they were delivered to the defendant. There was then an averment of their weight at the time they were delivered to the defendant, and what they would have weighed had they remained agreeably to the terms of the contract, and a claim for $2,796 dollars as damages.

Plaintiffs replied, denying that they entered into the contract as stated in the answer. They admitted that they agreed to enter into a contract, with the understanding and agreement that the defendant was not to take the cattle out of Bates County during the time of the existence of the contract, and was to keep

them in good inclosed lots whilst he was, feeding them, and was to keep corn for, and feed them in good manner, and was to make, execute, and deliver to the plaintiffs a good and sufficient bond with solvent security for the performance of the contract, and for the return of the cattle at the expiration thereof. The reply further alleged that defendant obtained possession of the cattle with the full understanding and express agreement that the contract should be entered into in writing, and that the bond should be given before the contract should be considered binding. There was then an averment that the defendant neglected and refused to enter into the written agreement, and that he refused to execute and deliver the bond; that he failed to keep corn for the cattle, and that he did not keep them in inclosed lots, and that he was about to take them out of Bates County, etc.

The trial was before the court sitting as a jury, and there was a verdict and judgment for the defendant for eight hundred and fifty-eight dollars.

The evidence is not set out in full, but it is stated in the bill of exceptions that the plaintiffs offered testimony tending· to prove all the issues on their part, and the defendant offered testimony tending to prove the issues on his part. It is then expressly conceded that there was evidence on the part of both parties to maintain their respective sides, and which would have supported a verdict for either. Such being the fact, the only question for determination arises upon the instructions, and for the purposes of this cause it will be only necessary to notice one given for each party.

The first instruction for the plaintiffs declared, that if it was found from the evidence that the agreement of the plaintiffs and defendant, at the time the defendant obtained possession of the cattle in controversy, required the defendant to enter into a written contract with the plaintiffs before the said agreement should become absolute, final and binding. upon the plaintiffs, and that the defendant was to enter into a good and sufficient bond with solvent security for the faithful performance of the said contract on the part of the defendant, and for the delivery of the said cat-

tle to the plaintiffs at the expiration of the said contract, on the first day of June, 1873, and the defendant failed, neglected and refused to enter into the said written contract with the plaintiffs, and to make, execute and deliver the said bond to the plaintiffs, then the plaintiffs are entitled to recover in this action, and are entitled to a judgment for all damages which they have shown they have actually sustained by reason of the unlawful detention of said cattle.

By the third instruction given for the defendant, it is declared that there is no evidence that any bond was mentioned before the delivery of the cattle to defendant by plaintiffs, and although such may have been the design of the plaintiffs, such bond not being stipulated for, they had no right to demand the same after the delivery of the cattle.

These two instructions are antagonistic and inconsistent, and cannot both be correct. Nor is the error obviated or remedied by any other instructions given in the cause. The strongest point in the plaintiff's case was the non-delivery of the bond according to the alleged contract, and the first instruction given in their behalf was predicated upon the ground that there was evidence which might induce the belief that there was such a contract. But the declaration given for the defendant peremptorily says that there was no evidence of any contract requiring a bond.

Moreover, this declaration given for the defendant contradicts the record which says that plaintiffs gave testimony tending to prove all the issues on their side. This question of the defendants giving a bond, was not only an issue that the plaintiffs tendered, but it was their main issue.

It has frequently been decided that this court will reverse where the instructions are contradictory or inconsistent. These instructions are inconsistent and one of them contradicts a solemn recital in the record.

The result is the judgment must be reversed and the cause remanded. The other judges concur.